**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN M. LINHART, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-530 |
| | ) | Judge Nora Barry Fischer |
| ZITELLI & BRODLAND, P.C. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Zitelli & Brodland, P.C.'s Motion to Consider its Motion to Reconsider Timely Filed Under Federal Rule of Civil Procedure 59(e) (Docket No. [42]). In the instant motion, Defendant argues that the Court improperly denied its motion for reconsideration as untimely filed under the seven (7) day time period set forth in section II.M. of this Court's Practices and Procedures and maintains that the Court should have applied the twenty-eight (28) day time frame for filing motions under Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's Motion [42] is DENIED.

The Court first disagrees with Defendant's assertion that Rule 59(e) controls the instant motion. (Docket No. 42). A motion to alter or amend a *judgment* issued by the Court is governed by Rule 59(e) of the Federal Rules of Civil Procedure and must be filed within the twenty-eight (28) day time period set forth therein. *See* Fed.R.Civ.P. 59(e). Neither the Federal Rules of Civil Procedure nor the Local Rules of Court for the United States District Court for the Western District of Pennsylvania provide a deadline for filing of motions for reconsideration of other orders entered by the Court which do not constitute *judgments* under Rule 58. *See generally* Fed.R.Civ.P.; *see also* W.D.Pa.LCvR. The Local Rules, however, provide that in instances where neither the Federal Rules nor the Local Rules govern, motions in all civil actions

pending in this Court shall be governed by "the practices and procedures of the assigned Judge." W.D.Pa.LCvR. 7(A). As this Court quoted in its earlier Order, section II.M. of its Practices and Procedures, provides that "[a]ny Motions for reconsideration shall be filed within seven (7) days," *see Practices and Procedures of Judge Nora Barry Fischer, Effective March 23, 2010*, *available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf. This Court applies its procedural rule and then analyzes *timely* submitted motions for reconsideration pursuant to the standard for interpreting motions for relief from judgment under Rule 59(e), including *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

The two prior decisions authored by this Court and cited by the Defendant, *McClendon v. Dougherty*, et al. Civ. A. No. 10-1339, 2011 WL 3236090 (W.D. Pa. Jul. 28, 2011) and *Baranowski v. Waters*, Civ. A. No. 05-1379, 2008 WL 40000406 (W.D. Pa. Aug. 25, 2011), highlight the differences between motions for relief from a *judgment* to which Rule 59(e) pertains and other orders of court to which this Court's Practices and Procedures govern. First, the motion for reconsideration filed in *McClendon v. Dougherty*, et al. Civ. A. No. 10-1339, 2011 WL 3236090 (W.D. Pa. Jul. 28, 2011) related to a discovery order and was timely filed within the seven-day deadline set forth in this Court's Practices and Procedures. The Court's docket report for that case reflects that the Court's Order was filed on May 23, 2011 and the motion for reconsideration by the plaintiff was filed on May 31, 2011. (*See* Civ. A. No. 10-1339, Docket Nos. 47, 51). This filing was not untimely because the Memorial Day holiday was on the seventh day, May 30, 2011. *See* Fed.R.Civ.P. 6(a)(1)(C). As a consequence, the Court fully considered the timely motion for reconsideration in *McClendon*. *See McClendon*, 2011 WL 3236090, at *1. Second, the motion for reconsideration in *Baranowski* sought reconsideration of

this Court's grant of summary judgment in favor of the Defendants. *See Baranowski*, 2008 WL 40000406, at *1. Thus, because the motion related to a *judgment*, the time periods under Rule 59(e) governed the disposition of that motion – which was filed nine (9) days after the Order was entered and was timely under Rule 59(e). *See* Fed.R.Civ.P. 59(e) (2008).[1]

Here, Defendant's motion for reconsideration related to the Court's entry of an order denying Defendant's motion for summary judgment issued on October 19, 2011. (Docket Nos. 35, 36). Therefore, because no judgment was entered in this case, the seven-day timeline set forth in this Court's Practices and Procedures controls any motion for reconsideration filed with respect to that decision, making such a motion due by October 26, 2011. *See Practices and Procedures*, at § II.M. Defendant's motion for reconsideration was not submitted until October 30, 2011 and was properly denied as untimely. Defendant has not provided any reason justifying its inability to timely submit its motion in either its initial motion for reconsideration or the present motion. (*See* Docket Nos. 39, 40, 42). Defendant also did not seek leave of court to extend the time period for the filing of a motion for reconsideration despite the fact that Defendant did file a motion seeking to extend the time period for the parties' submissions of pretrial statements and to continue the Court's pretrial scheduling conference on October 26, 2011 (within the seven-day time period). (*See* Docket No. 37). The Court granted Defendant's motion and re-set the Court's pretrial scheduling conference and the deadlines for the parties' submission of pretrial statements.[2] (Docket No. 38). In sum, Defendant has not provided the Court with any reason sufficient to reconsider its Order of October 31, 2011 denying its motion

---

[1] The Court notes that at the time the motion was filed in Baranowski, Rule 59(e) provided only ten (10) days within which a party could file a motion for relief from judgment. *See* Fed.R.Civ.P. 59, 2009 Amendments ("Former Rules 50, 52, and 59 adopted 10-day periods for their respective post-judgment motions… [T]he former 10-day periods are expanded to 28-days.").

[2] The Court now questions whether its order granting this extension was necessary as Defendant has since filed two motions for reconsideration, on October 31, 2011 and November 1, 2011, prior to the date that its pretrial statement was initially due, November 2, 2011. As a consequence, any future motions for extension of time from the defense in this case will be looked upon with disfavor.

for reconsideration and that ruling stands.

In any event, although the initial motion for reconsideration was denied as untimely, the Court has reviewed same and would deny such motion on the merits as well. The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Here, Defendant has not argued that any changes in the applicable law warrant reconsideration nor has it presented the Court with any new evidence which was not present in the summary judgment record. (Docket No. 40). Defendant only contends that a "manifest injustice" would result if Plaintiff were permitted to present separate theories of his disability discrimination case to the jury at the trial of this case. (*Id.*). The Court disagrees that any injustice to Defendant results from the Court's decision.

In order to survive summary judgment, Plaintiff was required to present the Court with sufficient evidence of a prima facie case of disability discrimination, including evidence from which a reasonable jury could determine that he was "disabled" under the ADA.[3] *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (citing *Taylor v. Phoenixville Sch.*

---

[3]     As the Court noted in its decision, the Plaintiff was also required to show that he was "otherwise qualified for the job, with or without reasonable accommodations, and that he was subjected to an adverse employment decision as a result of discrimination." (Docket No. 35 at 13-14 (quoting *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (citing *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir.1999))). These elements of Plaintiff's prima facie case were uncontested and need not be further discussed here. (Docket No. 35 at 13-14 (quoting *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (citing *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir.1999))).

*Dist.*, 184 F.3d 296, 306 (3d Cir.1999)).   The entire premise of Defendant's argument on summary judgment was that because Plaintiff was "disabled" under the ADA, he could not also be "regarded as" disabled.   But, "disability" is a term of art which is defined in the ADA and should not be used lightly in discrimination litigation.   As this Court recognized, "an individual is disabled under the ADA if he: (1) has an impairment 'which substantially limits one or more major life activities of such individual'; (2) has a record of a disability; **or** (3) is 'regarded as' disabled by his employer."   (Docket No. 35 at 14 (quoting 42 U.S.C. § 12102(1) (2008) (emphasis in original)).   The Court further pointed out that Defendant had conceded in numerous instances throughout its submissions that Plaintiff was "disabled;" thus admitting that Plaintiff had met his burden to establish this element of his prima facie case.   (Docket No. 35 at n.11).

If Defendant was intent on challenging whether Plaintiff was "disabled" under the ADA, then it should not have conceded that point in its motion for summary judgment.   Further, even if the Court construed Defendant's arguments as repeatedly misusing the term "disabled" throughout its submissions and found that Defendant only intended to concede that Plaintiff "has an impairment which substantially limits one or more major life activities of such individual," summary judgment was still inappropriate because the test under section 12102(1) is drafted in the disjunctive, providing three alternative definitions of "disability" and Plaintiff could satisfy his prima facie case by presenting evidence of any of these three alternatives.   Indeed, because Defendant conceded that one of these three alternatives for establishing the disability element of an ADA claim was satisfied, the Court only found that Plaintiff had met his burden to establish this element in his effort to defeat Defendant's motion for summary judgment.

Nonetheless, for the reasons more fully stated in the Court's October 19, 2011 decision, the issues raised by Defendant in its motion for summary judgment were simply not amenable to

summary judgment given the disputed factual record in this case. To this end, the Court's discussion of the disputed evidence in this case would equally apply to Plaintiff's "regarded as" theory of liability and, if the jury found that Plaintiff did not have an impairment which substantially limits his ability to work, it could reasonably find that both Stein and Zitelli mistakenly believed that Plaintiff was disabled (or "regarded him as disabled") when he advised them that he had a hip condition, which required surgery. (*See* Docket No. 35 at 16-22). In addition, disputed facts surround Zitelli and Stein's termination of Plaintiff shortly after making this disclosure to them. As this Court held, "viewing the facts in the light most favorable to Plaintiff, the Court finds that there are triable issues of material fact regarding when the decision to terminate Plaintiff was made by Zitelli and Stein and whether they terminated Plaintiff for discriminatory reasons rather than the legitimate non-discriminatory reasons proffered by Defendant." (*Id.* at 22). Therefore, reconsideration of the Court's October 19, 2011 Memorandum Opinion and Order is not warranted.

Based on the foregoing, Defendant's Motion to Consider its Motion to Reconsider Timely Filed Under Federal Rule of Civil Procedure 59(e) [42] is DENIED.


*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge


Date:   November 1, 2011

cc/ecf:  All counsel of record.